YARRUT, Judge.
This case is consolidated with Case No. 3320. Both arise from an accident involving a taxicab, driven by Riley Smith and owned by Braden Taylor, and an automobile driven by Rivers Frederick, II, and owned by Louisiana Undertaking Co., Inc.
Here Mr. Smith and Mr. Taylor sued Mr. Frederick, Louisiana Undertaking Co., Inc. and its insurer, Insurance Company of North America. Mr. Smith seeks an award for personal injuries and loss of wages; and Mr. Taylor seeks an award for damages to his taxicab, and for loss of rentals incurred while the taxicab was being repaired. Louisiana Undertaking Co., Inc. and Insurance Company of North America both reconvened for damages to the Defendant vehicle.
The Trial Judge rendered judgment in favor of Mr. Smith and against Mr. Frederick, Louisiana Undertaking Co., Inc. and Insurance Company of North America, jointly and in solido, for $2,063.00, for personal injuries and loss of wages. The Trial Judge further rendered judgment for Mr. Taylor against the three Defendants for $702.20 for repairs to his taxicab, and loss of rentals. He dismissed the recon-ventional demand of Louisiana Undertaking Co., Inc. and Insurance Company of North America. From this judgment Defendants have taken this appeal.
First, Defendants contend that the negligence of Mr. Smith was the sole and proximate cause of the accident and, in the al *308 ternative, he was at least contributorily negligent.
Mr. Smith testified he was proceeding in a northeasterly (downtown) direction on North Claiborne Avenue in New Orleans, and stopped to pick up a passenger who hailed him and that, while he was in this stopped position for about one or two minutes, he was hit in the rear by the vehicle operated by Mr. Frederick. On direct examination, he testified he was parked parallel to the curb when the collision occurred. However, on cross-examination, he admitted that he might have been parked at an “angle.”
Mr. Frederick testified that he saw Plaintiffs vehicle about a block before he hit it and that, when he was several car lengths away from it, Plaintiff’s vehicle suddenly moved into the center lane of traffic where it was struck by his vehicle. In addition to the Plaintiff and Defendant, three witnesses testified concerning how the accident occurred. They were Mrs. Leola Dartez, Miss Leontine Sylvain and Douglas Foster, the investigating officer. Both Mrs. Dartez and Miss Sylvain testified that they observed the accident while a half block away from the scene, and that Plaintiff’s vehicle was stopped at the time to allow a passenger to enter. The report of Officer Foster indicated that Plaintiff’s vehicle was moving away from the curb at the time of the impact, but Officer Foster had no independent recollection of any statement made by Mr. Smith.
In his reasons for judgment, dictated at the end of the trial, the Trial Judge concluded that Plaintiff’s vehicle was parked at a slight angle away from the curb with its left rear protruding slightly into the Defendant vehicle’s lane of traffic; that Plaintiff’s vehicle was stopped at the time of impact, and that the operator of Defendant’s vehicle saw Plaintiff’s vehicle stopped about a block before the impact, yet maintained his same speed and struck it in the rear.
The following was the conclusion of the Trial Judge, viz.:
“The Court feels that perhaps Mr. Smith may have parked improperly but that improper parking was in no way the cause of the accident in question. And the sole and only causal connection between the accident was the act of Mr. Frederick in failing to properly observe what was ahead of him and when he did observe it in failing to recognize the situation or to do anything to avoid the collision.”
We agree with the Trial Judge that the sole cause of the accident was the negligence of Mr. Frederick, who admittedly saw Plaintiffs vehicle in a stopped position a block away from the impact. Defendants cite Dixie Drive it Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, for the proposition that the operator of Plaintiff’s vehicle was contributorily negligent. However, a thorough consideration of the record before us leads us to the conclusion that the cited case is not apposite here.
Even if, as we have concluded, that the negligence of Mr. Frederick was the sole cause of the accident, Louisiana Undertaking Co., Inc. claims it should be dismissed as a Defendant because Mr. Frederick, its employee, was not within the course and scope of his employment. The evidence preponderates that Mr. Frederick was on a separate social mission at the time of the accident. Therefore, we find the Louisiana Undertaking Co., Inc. should not have been cast. However, because Mr. Smith was not at fault, the reconventional demand of Louisiana Undertaking Co., Inc. and its insurer was properly dismissed.
With regard to quantum, Defendants do not dispute any item except the amount of the repairs awarded Mr. Taylor. They claim that $468.20 should be *309 disallowed because it was awarded on the basis of an estimate admitted into evidence. Since no representative of the company making the estimate testified, this estimate is inadmissible as hearsay. However, it was the uncontroverted testimony of Mr. Taylor that he paid this amount. Therefore, we must accept his testimony as true under the recent case of Allen v. Baucum, La.App., 218 So.2d 662.
For the above reasons, the judgment is amended to dismiss Louisiana Undertaking Co., Inc. as a Defendant; otherwise, the judgment appealed from is affirmed; Defendants, Rivers Frederick, II and Insurance Company of North America, to pay all costs in both courts.
Judgment amended and, as amended, affirmed.