HOOD, Judge.
This is a suit for damages for personal injuries which plaintiff, Gus H. Kennedy, sustained when the rear of his automobile was struck by a truck owned by J & J Distributors of Rapides Parish, Louisiana. The defendant is Insurance Company of North America, the liability insurer of the owner and operator of the truck. Judgment was rendered by the trial court in favor of plaintiff, awarding him $1,000.00 as general damages, and $103.75 as special damages, making a total award of $1,103.-75. Plaintiff appealed.
The sole issue presented is whether the award of general damages made by the trial court is manifestly inadequate, and thus whether the amount of that award should be increased.
The collision occurred on October 23, 1970, at a street intersection in the City of Alexandria. It was a relatively minor accident. The truck had just started to move forward from a stopped position, and it was traveling at a very slow rate of speed when it struck plaintiff’s car. The impact caused the automobile to move forward a distance of from four or five feet to the length of a car. The investigating officer stated that plaintiff’s car sustained moderate damages, but plaintiff drove it from the scene of the accident, and he makes no claim for damages to his automobile. Plaintiff did not appear to be injured shortly after the vehicles collided. He did not complain of any injury to the investigating officer at the scene of the accident, although he did state to the driver of the insured truck that he believed he had hurt his neck.
Kennedy was examined and treated by Dr. John S. Rozier, of Alexandria, on the date of the accident and again one week later, on October 30. At the first examination, plaintiff complained of pain in his neck, shoulders and arms, and on his second visit to the doctor he complained of pain in his neck and the lumbar region of his back. The doctor found no muscle spasm or any other objective signs of injury on either of those occasions. Based solely on plaintiff’s complaints, however, he diagnosed his condition as an acute mild neck sprain. He prescribed a muscle relaxing drug and a mild analgesic, and he stated that he expected plaintiff to recover fully in about two months. He did not see or treat plaintiff after the above mentioned second visit.
No further medical treatment was sought by plaintiff until more than five months later, on April 5, 1971, when he was examined by Dr. J. A. Thomas, of Natchitoches, at the suggestion of plaintiff’s counsel. Dr. Thomas found “mild to moderate spasms of the right trapezuis muscle and of the spinae erector muscles bilaterally,” and he concluded that plaintiff had suffered a “myoligamentous sprain of the neck” which had not reached its maximal improvement by the time of the first examination. He felt that plaintiff would continue to suffer pain for approximately six or eight months. He examined and prescribed medication for plaintiff periodically until about November, 1971. The trial judge found, and we agree, that the history which plaintiff gave Dr. Thomas was at “variance with the actual facts.”
Plaintiff testified that he still suffers pain in his neck and back. He is a 61 year old minister, and he stated that he was unable to preach for either one month or two months after the accident occurred, although he suffered no loss of his $40.00 per week salary during that period of time. The trial judge concluded that if he was off of work for any period of time, “it was not dictated medically.”
The record convinces us, as it did the trial judge, that the injuries which plain *814 tiff sustained on October 23, 1970, were of a minor nature. No hospitalization or traction of any kind was ever required, and plaintiff apparently was not even confined to his bed at any time because of his injuries. Neither of the two treating physicians prescribed a neck brace or any similar appliance, and neither suggested that plaintiff was disabled as a result of the accident.
The trial judge is vested with much discretion in determining the amount which should be awarded as general damages, and an award of such damages made by the trial court will not be disturbed unless it is found to be manifestly excessive or manifestly insufficient under all of the circumstances. Dykes v. State Farm Mutual Automobile Ins. Co., 248 So.2d 603 (La.App. 3 Cir. 1971). We do not feel that the award of general damages made by the trial judge in the instant suit was manifestly insufficient.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.