306 So.2d 396 (1975)
Caesar GREEN, Individually and Caesar Green, for and on behalf of his wife, Annie L. Lenaris Green
v.
Jack CLARK and Mid Continent Supply Company.
No. 6587.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
*397 Darleen M. Jacobs, New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert Henry Sarpy, Jr., New Orleans, for defendants-appellees.
Before LEMMON, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiffs appeal a judgment of the district court in their favor. The judgment appealed awarded Caeser Green $1,095.00 for medical expenses, and Annie L. Lenaris Green $300.00 for loss of wages and general damages in the amount of $2,000.00.
On August 14, 1972 plaintiffs' vehicle, while being operated by Annie L. Lenaris Green, was rear ended by a vehicle operated by defendant Jack Clark and owned by his employer Mid Continent Supply Company. Defendants admitted liability.
Plaintiffs contend: (1) the $2,000.00 award for the injuries Mrs. Green sustained is grossly inadequate; (2) the district court erred in not admitting into evidence a written estimate of property damage to plaintiff's car or plaintiffs' testimony of the estimate; and (3) the district court erred in awarding $300.00 for loss of wages which were proven to be $522.50.
Defendants assert: (1) the quantum awarded for general damages is within the "much discretion" accorded the trial judge; (2) the credible evidence does not support an award for loss of wages in excess of that given; and (3) the district court properly excluded as hearsay evidence, the estimate of property damage and testimony by the plaintiffs of the estimate.
Mrs. Annie L. Lenaris Green was seen by Dr. Lucas A. DiLeo a total of 22 times during the period August 14, 1972 through March 1, 1973. Dr. DiLeo testified that his physical examination on August 14 revealed a lumbosacral musculoligamentous strain; contusion of the right anterior and posterior kidney region; and a contusion of the mid interior right thigh region. X-rays showed no evidence of a fracture or dislocation; the lumbar lordosis and lumbarsacral angle were within normal limits. Plaintiff complained of pain in her low back region. On her visit of September 20, plaintiff further complained to Dr. DiLeo of pain in the neck and cervical region. Dr. DiLeo prescribed Dorvon compound 65 and analgesics. He referred her to the New Orleans Physical Therapy Clinic, where Edmond B. Storey, Jr., a *398 physical therapist, treated her. During the period she was being seen by Dr. DiLeo she also visited the Clinic 46 times. Her treatment at the Clinic consisted of moist heat packs and cervical traction to the cervical spine, wave diathermy and ultra sound therapy and massage to the regions of the lumbar and cervical spine. Dr. DiLeo discharged her from treatment on March 1, 1973 at which time she had no complaints. In spite of Mrs. Green's 22 visits to Dr. DiLeo and 46 therapeutic treatments, we will not superimpose our judgment for the legitimate inferences the trial judge might have drawn from the evidence which caused him to conclude that an award of $2,000.00 fully compensated Mrs. Green for her general damages.
In Bitoun v. Landry and The Travelers Insurance Company, 302 So.2d 278 (La.1974) a judgment of this court was reversed and a lower award of the district court for special damages for personal injuries was reinstated. In Bitoun, our Supreme Court stated at page 279:
"Unless the record demonstrates that the trial court abused the `much discretion' provided for in fixing damages (C.C. 1934), the appellate court should not disturb the award. Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1974). * * * The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down." (emphasis supplied)
Manifestly clear from the foregoing is that a damage award of a trial court is to be adjusted only where there has been a doubtless abuse of the trial courts "much discretion." The application of the rule enunciated in Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971), to the record in this case compels us to conclude that there was no abuse of discretion by the trial judge in awarding Mrs. Green $2,000.00 for the injuries she sustained.
The district court properly disallowed admitting into evidence the written estimate of property damage as well as plaintiffs' testimony pertaining to that estimate of damages.
An estimate of the damage to plaintiff's car was made by Independent Appraisal Company at the request of defendant's insurer. Plaintiffs argue that the written estimate should have been admitted since the appraiser who made the estimate was unavailable to testify at the trial because he could not be found, his employment with Independent Appraisal Company having terminated. Plaintiffs made a proffer of the estimate. They further argue that the district court improperly excluded Mrs. Green's testimony about the estimate.
The district court properly disallowed into evidence the written estimate of property damage. The estimate on its face is hearsay and of no probative value. Smith v. Frederick, 221 So.2d 306 (La.App. 4 Cir. 1969). Though plaintiffs knew the estimate of property damage, the car had not been repaired. To have permitted plaintiff's testimony as to another person's estimate of property damage would have been hearsay. Turner v. Ewing, 220 So.2d 518 (La.App. 4 Cir. 1969).
We find no computations or basis having been employed by the district court in calculating Mrs. Green's loss of wages at $300.00. From Mrs. Green's Employee Earning Record maintained by her employer, Wemberly Industries, which is in the record, and the testimony of Mr. Fangue of the personnel department of Wemberly Industries, plaintiff's greatest calculable loss of time from work attributable to the accident totals 71.116 hours. Accordingly, *399 on the basis of the record before us, we find no error by the trial judge in the award of $300.00 for loss of wages and decline to increase the amount awarded.
After judgment was rendered, defendants deposited in the registry of the court a sum sufficient to pay the judgment, including interest and court costs. Therefore, we assess costs of this appeal to plaintiffs. LSA-C.C.P. Art. 2164.
Affirmed.