GULOTTA, Judge.
These consolidated cases arise out of an automobile accident which occurred at the intersection of Veterans Highway and Clearview Avenue in Jefferson Parish on May 30, 1972, at approximately 2:00 p. m.
Plaintiff in one of the two consolidated suits, Georgette W. Chauvin, was a guest passenger in an automobile driven by Pauline Gauthreaux in a northerly direction on Clearview Avenue. Mrs. Gauthreaux, plaintiff in the other suit, seeks damages for injuries sustained in the accident.
Patricia A. Clark, defendant in the suits, was traveling in an easterly direction in the left traffic lane of Veterans Highway. While the Gauthreaux vehicle was attempting to cross the eastbound traffic lane of Veterans Highway at the semaphore-controlled intersection, the front end of the Clark automobile struck the left side of the Gauthreaux vehicle.
Both Gauthreaux and Clark claim they had a green light in their favor when they *611 crossed the intersection. Clark claims that she was stopped at the signal light on Veterans for a red light. When the light changed to green, she crossed the southbound traffic lanes of Clearview Avenue, proceeded past the neutral ground, and struck the left side of the Gauthreaux automobile which had crossed the intersection on a red light.
Judgment was rendered in favor of Pauline, wife of/and Alvin Gauthreaux, and Georgette, wife of/and Curtis Chauvin, and against Patricia Clark and her insurer. A suit filed by the Chauvins against the Gauthreauxs and their insurer was dismissed. Defendant Clark and her insurer appeal. We affirm.
It is defendants’ contention the trial judge erred when he concluded that Gauth-reaux had the green light in her favor and that plaintiff, Alvin J. Gauthreaux, proved, by a preponderance of the evidence, his claim for loss of use of the automobile. According to defendants, plaintiff failed to introduce sufficient evidence to show the extent of damage to his automobile and to show that a nine week period of time was required to repair the automobile. Defendants further claim the $4,500.00 general damage award in favor of Mrs. Chauvin is excessive.
We fail to find merit in any of the contentions raised by defendants. The record supports the conclusion that defendant driver crossed on a red light. Mrs. Gauth-reaux and Mrs. Chauvin testified that plaintiff, Gauthreaux, crossed on a green light. Moreover, a disinterested driver, stopped on Veterans Highway for the red light, stated Clark crossed the intersection when the Veterans Highway traffic light was red. Clark and her guest passenger stated the light was green when Clark crossed the intersection. The trial court’s conclusion is based-on credibility. Absent a finding of manifest error, the factual determinations of the trial judge are not to be disturbed. We find no such error.
Conversely, the record does not support Clark’s contention that Gauthreaux’s untimely failure to see the Clark automobile and to take appropriate evasive action constituted negligence which was a proximate cause of the accident. Gauthreaux and Chauvin testified that their view of the Clark vehicle, approaching in the left trafic lane of Veterans Highway, was obstructed by stopped vehicles located in the two Veterans Highway traffic lanes to the right of the Clark vehicle. According to Gauthreaux and Chauvin, they did not see the Clark vehicle until immediately before impact. Likewise, Clark stated that she did not see the Gauthreaux vehicle until immediately before the accident.
Also without merit is defendants’ contention that plaintiff offered insufficient evidence to establish the extent of the automobile damage, requiring the use of a rented vehicle for a nine week period and payment of the $100.00 deductible required under the terms of plaintiff’s insurance policy. Gauthreaux testified that following the accident, without delay, the automobile was taken to Paretti Pontiac. Gauthreaux further stated that nine weeks were required to repair the vehicle. During that time, plaintiff rented a replacement automobile at a total cost of $756.00. According to Gauthreaux, a fire and safety inspector for Shell Oil Company in Norco and a resident of Metairie, his duties required the use of an automobile because he was subject to 24-hour call. Gauthreaux also stated he was not reimbursed by Shell for the cost of driving his vehicle to and from his place of work.
It is true, as claimed by defendants, that Gauthreaux failed to support his testimony with an estimate of repairs or any corroborative testimony or documentary evidence relating to the time required to repair the vehicle, the extent of vehicle. damage or the cost of repair. The only documentary evidence relating to the loss of use claimed is the bill for the rental of the replacement vehicle during the time period the vehicle *612 was being repaired. However, plaintiff’s testimony is uncontroverted. The trial judge apparently accepted this uncontro-verted testimony as true. See Smith v. Frederick, 221 So.2d 306 (La.App. 4th Cir. 1969); Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Coleman v. Victor, 326 So.2d 344 (La.1976). We cannot say he erred in awarding Gauthreaux damages for loss of use.
Finally, we reject defendants’ complaint that the $4,500.00 general damage award in favor of Chauvin is excessive. Following the accident, Mrs. Chauvin was taken to Ochsner Foundation Hospital where she was treated for lacerations of the forehead and right hand, and back spasm.
Because of continued pain and weakness in the right hand, Mrs. Chauvin saw Dr. E. J. Alleman on August 10, 1972. She was seen by Dr. Alleman on approximately nine occasions between the initial August 10, 1972 visit and the final visit on October 30, 1973. According to Dr. Alleman, plaintiff sustained a sprain and strain of the cervical area of the neck, causing spasm of the soft tissue in the neck muscles which in turn probably produced tension and irritated some of the nerves in the neck area. Treatment consisted of cortisone, pain relievers and the use of ultrasonic and heat treatment to the affected areas. It was the doctor’s opinion that the injury caused pain to radiate into the right upper extremity and into the face. Dr. Alleman did not anticipate any permanent disability from the accident.
Dr. Jose L. Garcia Oiler, a neurosurgeon, saw plaintiff Chauvin on June 22, 1973 and November 21, 1973. On the initial visit, plaintiff complained of pain in the region of the back of the head and neck which radiated into the right forearm and fingers of the right hand. She also complained of numbness in the area of the chin. According to Mrs. Chauvin, the pain increased with physical activity. Based on his examination and the description of pain from plaintiff, Dr. Garcia Oiler determined that Mrs. Chauvin, as a result of the neck injury sustained in the accident, suffered nerve root involvement caused from irritation, stretching or compression of the nerve roots. The doctor testified that numbness extending from the back of the head to below the ear and into the jaw and the tip of the chin resulted from a whiplash injury that stretched the nerve roots at the C-6 level and also caused other additional nerve involvement.
The trial judge concluded, in written reasons, that Mrs. Chauvin’s injuries “resulted in periods of pain, discomfort and physical disability which occurred intermittently during the period from May 30, 1972, through October, 1973, during which time Mrs. Chauvin experienced periods of recurrence and remission of discomfort and pain and which limited her activity .” The record supports this conclusion. Under the circumstances, we cannot say the $4,500.00 award in general damages constitutes an abuse of the trial court’s discretion. Accordingly, the judgment is affirmed.

Affirmed.