338 So.2d 1190 (1976)
Lawrence T. GATES, Plaintiff-Appellee,
v.
George DYKES d/b/a Dykes Motor Company, Defendant-Appellant.
No. 13052.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
George L. Hayes, Jr., Shreveport, for defendant-appellant.
Donald R. Miller, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiff, Lawrence T. Gates, sued defendant George Dykes, doing business as Dykes Motor Company, for $1,425.75, the alleged cost of repairing redhibitory defects in a 1972 Chevrolet one ton pickup truck purchased by plaintiff from defendant. Defendant filed an answer alleging that the vehicle was not guaranteed and also setting up other defenses. Neither defendant nor his attorney appeared at the trial of the case. On discovering that the case had been tried and judgment rendered against him for $1,148.75, defendant filed a motion for a new trial, alleging that he had not been notified of the trial date. The motion for a new trial was denied, and defendant appeals.
We reverse and remand the case for a new trial for the sole purpose of determining the cost of acquiring and installing a motor in plaintiff's truck comparable to the one he reasonably believed powered the truck when he acquired it from defendant.
*1191 In its reasons for denying a new trial the lower court stated that from an examination of the minutes of the court, the records of the Clerk and The Daily Legal News, the case had been properly set for trial in accordance with Rule 7(C)[1] of the First Judicial District Court. Defendant does not assert a failure to set the case in compliance with the Rules of Court but takes the position that in accordance with customs prevailing among lawyers of the Shreveport Bar, he was entitled to actual notice of the setting.
There were unsuccessful attempts prior to trial by plaintiff's counsel and the trial judge to locate defendant's attorney and give him actual notice of the trial. Defendant's attorney made no allegation that he requested a written notice of the trial date to which he was entitled under LSA-C.C.P. Art. 1572. The basis urged by defendant for a new trial does not come within the provisions of LSA-C.C.P. Art. 1972 where peremptory grounds for a new trial are set forth. The granting of a new trial under LSA-C.C.P. Art. 1973 is discretionary with the trial judge. In light of all the circumstances the trial judge did not abuse his discretion in refusing the motion for a new trial.
Plaintiff bought a one ton 1972 Chevrolet truck guaranteed to contain all original equipment (the vehicle was originally equipped with a 350 cubic inch engine). The truck was further guaranteed to have been driven only approximately 36,000 miles, and to be fully capable of pulling a four-horse goose-neck trailer. Shortly after plaintiff acquired the truck, he took a trip in it pulling a four-horse trailer, and found that the engine used 7 or 8 quarts of oil per 1,000 miles, would strain at a speed of 55 miles per hour on a level road and the truck would only travel 35 miles per hour up slight inclines. Plaintiff subsequently learned that the motor in the truck was not a 350 cubic inch engine, the original equipment provided in the truck, but was a 283 cubic inch engine normally found in a 1965 or 1966 Chevrolet automobile which provided grossly inadequate power for the truck to pull plaintiff's trailer. These facts were all proven on the trial of the case.
Plaintiff's cause of action is based upon LSA-C.C. Art. 2541 which provides:
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
Our jurisprudence has established that the proper amount of the reduction in price in an action asserted under this Code article is the amount of difference between the actual sales price and the price a reasonable buyer and seller would agree upon, knowing of the defects. Cost of repairs or replacement can be one method of arriving at this theoretical price. Wiltz v. Dixie Auto Sales, Inc., 315 So.2d 811 (La.App., 3d Cir. 1975); Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App., 4th Cir. 1974).
As proof of his damages, plaintiff offered into evidence a Red River Motor Company estimate reflecting that the cost of installing a new 1975 Chevrolet 350 cubic inch engine in plaintiff's truck would be $1,148.75. Defendant assigns as error the trial court's award to plaintiff of the replacement cost of a new 1975 350 cubic inch engine.
The trial court's award of $1,148.75 was not the cost of replacing a 1972 350 cubic inch engine with 36,000 miles thereon in plaintiff's truck.
The defendant also contends judgment was based only on a motor company's estimate unsupported by the testimony of the preparer, which was inadmissible hearsay evidence.
*1192 Our jurisprudence has established that a repair estimate when not supported by the testimony of the expert who prepared it, is hearsay and of no probative value. Smith v. Doyle, 160 So.2d 791 (La.App., 3d Cir. 1964); Green v. Clark, 306 So.2d 396 (La.App., 4th Cir. 1975).
The judgment of the trial court for an incorrect amount based upon incompetent evidence is reversed. We remand this case for further proceedings for the sole purpose of determining the cost of acquiring and installing in plaintiff's truck a motor comparable to the one he reasonably believed powered the truck which he acquired from defendant. Upon making this determination, the trial court shall render a judgment in favor of plaintiff for this amount.
The costs of this appeal are assessed equally against plaintiff and defendant.
Reversed and remanded.
NOTES
[1] 1976 La.Court Rules, First Judicial District Court Rule 7(C) provides: "In all other cases notice of the setting of a case for trial shall be given by publishing the trial calendar upon which such case appears in The Daily Legal News and posting a copy thereof in the office of the Clerk of this Court not later than the first judicial day following the motion hour at which such case is fixed for trial."