431 So.2d 840 (1983)
Gerald EDDY, Plaintiff/Appellee,
v.
Don TOPPER, Individually, Westway Resources, Romonoff, Corp., Eagle Minerals and the Production Management System, Defendants/Appellants.
No. 15305-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Herman L. Lawson, Mansfield, for defendants/appellants.
Bethard & Davis by James G. Bethard, Coushatta, for plaintiff/appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
*841 SEXTON, Judge.
The defendants appeal a judgment denying their motion for a new trial. We affirm.
The plaintiff, Gerald Eddy, of De Soto Parish filed suit on March 18, 1982, seeking a judgment for $19,788.75, attorneys fees, and recognition of a privilege and lien for goods, services, machinery and equipment furnished at specified well sites. Made defendants were Don Topper "individually" and "d/b/a Westway Resources" of Houston, Texas; Romonoff, Corp.; Eagle Minerals; and The Production Management System. The defendants answered, denying plaintiff's allegations and asserting no affirmative defenses. At the same time defendants filed a request, in accordance with LSA-C.C.P. Art. 1572,[1] for 10 days notice of the trial date. On May 6, 1982, the day after the filing of the request, the clerk notified both counsel by letter that the case was set for trial on June 22, 1982. The minutes on that date reflect that the defense moved for a continuance, counsel for plaintiff agreed and the case was reset for July 7, 1982. The minutes of July 7 show that counsel for both sides were present on that date and that, by agreement of both parties, the case was again upset and reset for August 23, 1982. Counsel for the defendants also gave oral notice of an intention to withdraw at the July 7 hearing, and this was later accomplished by a motion and order dated July 13, 1982.
On August 23, 1982, plaintiff and his counsel appeared, but no appearance was made by the defendants or their counsel. The case was tried and judgment was rendered for the plaintiff as prayed for.
On August 27, 1982, the defendants appeared through new counsel and filed a motion for a new trial, asserting that they were not properly notified in accordance with LSA-C.C.P. Art. 1572. Subsequent to a hearing on the motion on September 3, 1982, the motion for a new trial was denied.
The defendants now pursue this appeal asserting that the mandatory provisions of Article 1572 were not complied with and that the trial court thus erred in refusing to grant a new trial.
The sole evidence presented at the motion for new trial was the testimony of attorney David Rothell, who initially represented the defendants. Mr. Rothell, after obtaining a waiver with respect to his former attorney-client relationship with the defendants, testified that he had no conscious recollection of agreeing to the August 23 trial date when, on July 7, 1982, he orally withdrew as counsel. He also stated that he was not aware that the minutes reflected such an agreement. However Mr. Rothell agreed, under cross-examination, that counsel for plaintiff reluctantly consented to the continuance on July 7, 1982. It is apparent that this continuance, while by consent, was initiated by counsel for the defendants and precipitated by his withdrawal. Mr. Rothell further testified that he never met Mr. Topper, the defendant. His dealings were always with Mr. Topper's Texas attorney. He also stated that he had not been able to procure any information relative to the defendants' case and that he was not prepared for trial on July 7.
Mr. Rothell further testified that, after this withdrawal, he mailed a copy of his motion to withdraw to defendants' Texas counsel. He indicated in that letter that the next available trial date would be in August of 1982, and suggested that an attorney be contacted in Louisiana "immediately" if representation was desired. He testified that he received a telephone call in reply from the defendants' attorney in Houston, Texas, at which time Mr. Rothell informed him that the next regular session of court was August 23, 1982. Mr. Rothell indicated to the Houston attorney that the case would probably be set for that date.
*842 The trial court noted in its oral reasons for judgment that, while Mr. Rothell may not have given specific notice of the August 23, 1982, setting to the Houston attorney, "he certainly indicated to his client, or rather, his client's counsel, out of state counsel that it would probably be August 23." The trial court essentially held that, since the new date was agreed to by counsel in open court, the 10 day notice was implicitly waived and the motion for new trial should therefore be denied.
The grounds asserted in the motion for new trial are discretionary rather than peremptory. LSA-C.C.P. Arts. 1972, 1973. Under these circumstances, the established rule is that the action of the trial court with respect to motions for new trial should not be reversed unless an abuse of discretion can be shown. Simas v. Hicks, 381 So.2d 949 (La.App. 3d Cir.1980); Shows v. Williamson, 256 So.2d 688 (La.App. 2d Cir. 1972), writ denied 261 La. 231, 259 So.2d 76 (La.1972).
In our view, no abuse has been shown. Under the circumstances here presented we find that the defendants, through counsel, waived the 10 day notice. This was the second continuance of the cause, both of which were precipitated by the defense. The defense was not prepared to go to trial on July 7, 1982, and it was only through deference that counsel for plaintiff agreed to the continuance. The case was refixed for some six weeks thereafter. It is apparent that Mr. Rothell promptly notified defendants' Texas counsel, the only person with whom he had dealt in the case, that the matter would be reset for some time in August. We therefore find that under these circumstances the 10 day notice originally requested by the defendants was waived by the appearance in court of retained counsel seeking and obtaining a continuance for some six weeks thereafter.
The judgment of the trial court is therefore affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 1572 provides that

"The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference."