BOWES, Judge.
This is an appeal from the denial of the defendants’ Motion for a New Trial. We affirm.
The defendants, Shirley Lee, Tang Ching Lee, Royal China, Inc. and Royal Place, Inc., were cast in judgment on November 25, 1985, in the amount of $31,700.00, plus legal interest from date of judicial demand and all costs of court, for legal services rendered by the plaintiff, Robert Barnett. On the day of trial, neither the defendants nor their attorney were present in the courtroom at the time the matter was called for trial before the court, apparently sometime in the late morning because many preliminary matters had already been taken up. The trial judge decided to proceed with the trial. The plaintiff, a lawyer himself, testified with regard to the legal services rendered and attorney’s fees incurred by the defendants during a period when the plaintiff had been counsel to the defendants, from April 26, 1981 through March of 1982. In addition, the plaintiff introduced and offered for filing into the record copies of the bills sent to the defendants and detailed time sheets establishing the amount owed. Because the defendants were not present, there was, obviously, no rebuttal evidence, and the court granted judgment in favor of the plaintiff.
The defendants filed a Motion for a New Trial and, at the contradictory hearing on the motion, their attorney testified that he had arrived at the court at approximately 9:45 a.m. on November 25th and that the notice of trial required attendance at 10:00 a.m. However, he stated that he did not check in with the docket clerk because the court was very crowded and the court was hearing preliminary matters. He did not want to distract the court by walking to the front of the courtroom to sign the docket sheet. He testified that he waited “right outside” the courtroom, in the hallway, and checked the courtroom intermittently to see if his case had been called. However, he did not explain how he could have done this since he, admittedly, did not check with the docket clerk. According to the defendants’ attorney, each time he checked the courtroom, he saw only other matters being heard.
*1074 Finally, he contends, at approximately 11:00 a.m., he was able to speak to the clerk because the judge went into conference, and he learned that the matter had been taken up, in the absence of himself and his clients, and the matter marked submitted. Counsel then approached the bench and told the court that he had been present just outside the courtroom all along. This Motion for a New Trial followed.
Counsel for the defendants further testified that he saw the plaintiff in the hallway on the morning of November 25th and that he believed the plaintiff must certainly have seen him as well. Plaintiff denies this, and it certainly appears unlikely; otherwise some conversation about the matter due for trial that morning would almost surely have taken place. Appellants’ counsel also stated that his secretary received a call from the plaintiff at 9:30 a.m., inquiring as to whether he was to be in court on that morning, and his secretary told him that her employer would be in the 24th Judicial District Court that morning. Plaintiff also denies this. In appellate brief, counsel for the appellant contends that the plaintiff, therefore, knew he was present for trial and certainly must have seen him at court, yet deliberately misrepresented to the court that the defendants’ attorney could not be found. Defendants’ counsel further suggests that plaintiff may have obtained his judgment before 10:00 a.m. and that this would explain why the plaintiff appeared in proper person, although he had been previously represented by counsel in this matter.
The record reflects that plaintiff did, in fact, appear in proper person in obtaining his judgment. However, he explained to the Court his attorney was busy in another division and he, the plaintiff, could handle the matter himself. Also, we note that plaintiff had acted in proper person in a previous proceeding in this matter as well. The record further reflects that the plaintiff did, in fact, advise the court that he could not find the defendants’ attorney that morning, stating to the court as follows: “I called his office your Honor. He was nowhere to be found. His secretary says he’s in Court.” It was at this point that the Court determined to proceed without the appellant.
At the hearing on the defendants’ Motion for New Trial, the Court allowed the defendants’ counsel ample opportunity to explain his reasons for not being present and not signing the docket sheet on the morning of trial. From a close reading of the record, we are of the opinion that the learned trial judge found that counsel’s explanation of his absence was inadequate and, more importantly, in the absence of any corroborating evidence whatsoever, and in view of the completely contradictory testimony from the plaintiff, simply did not believe his story.
We note with particularity the trial judge’s questions to counsel when he was testifying:
THE COURT:
Do you want to produce any evidence? That’s just an argument. So far, it’s just a lawyer’s statement, without any backing up. Do you have a witness that you want to present as to the truthfulness of what you say?
MR. MULLA:
I don’t have her here, Judge.
THE COURT:
Do you have an affidavit—
MR. MULLA:
No, I don’t, Judge.
We do not find error in the trial court’s decision in this case. The trial court's determination as to the weight and credibility of the factual evidence will not be disturbed on appeal unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). No witnesses, except the defendants’ attorney himself, testified at the hearing on the Motion for a New Trial that he was present outside the courtroom at all that day, which was directly contradicted by plaintiff, and no other evidence was produced to prove this. Thus, the trial court had a clear choice of the evidence and we cannot say that it was clearly wrong in determining that the evi *1075 dence was insufficient to prove the defendants’ attorney was present on November 25th, either in court or outside the courtroom.
Even if it had been proven that the defendants’ attorney was present in the hallway, he failed to provide sufficient explanation for his failure to remain in the courtroom. He merely stated at the hearing on his Motion for a New Trial that the courtroom was crowded and the Court was hearing other matters. Defendants’ counsel, who admitted being a practicing attorney for over twenty years, certainly knew he should have signed the docket sheet or in some manner notified the court of his presence upon arrival, and certainly before 11:00 a.m.
There was absolutely no evidence whatsoever produced at the hearing on the Motion for a New Trial that the matter had been submitted on November 25th prior to 10:00 a.m., as alleged by appellant. Also, there was no showing made of any kind that appellants had any defense or any testimony that would have produced a different result at the trial had appellants’ attorney been present in the courtroom on the morning of November 25th. Therefore, the basis urged by appellants for a new trial does not come within the provisions of La.C.C.P. art. 1972 which sets forth peremptory grounds for a new trial. That article provides that a new trial shall be granted when the judgment is contrary to the law and evidence. Rather, in this case, the granting of a new trial would be guided by the provisions of La.C.C.P. art. 1973,[1] which authorizes the trial court to grant a new trial entirely within its own discretion. Gates v. Dykes, 338 So.2d 1190 (La.App. 2 Cir.1976).
The action of a trial court in denying a motion for new trial, which it has the authority to grant pursuant to La.C.C.P. art. 1973, should not be reversed unless an abuse of discretion can be shown. Eddy v. Topper, 431 So.2d 840 (La.App. 2nd Cir.1983); Skows v. Williamson, 256 So.2d 688 (La.App. 2nd Cir.1972), writ denied 261 La. 231, 259 So.2d 76 (1972). We see none in this case.
The second issue on appeal is whether the Court erred in finding the plaintiff’s evidence of attorney’s fees owed sufficient to support a judgment in his favor. The plaintiff presented evidence of the bills sent periodically to the four defendants and documentation of the breakdown of the hours billed and services rendered, all corroborated by his own testimony. Therefore, we find this assignment of error absolutely meritless.
For the foregoing reasons, we affirm the judgment of the trial court denying the Motion for a New Trial. All costs are to be borne by appellants.
AFFIRMED.

. Art. 1973. Discretionary grounds
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.