11WOODARD, Judge.
Ms. Mildred Rosette filed a petition for judicial review of an Appeals Tribunal decision, Docket No. C 950 AT 98, which the Board of Review affirmed. Both denied her unemployment benefits. The trial court reversed these rulings. Her employ *204 er, Opelousas General Hospital (the Hospital) appeals. We affirm.
The Hospital employed Ms. Rosette as a secretary for approximately two years, ending May 17, 1998, when it terminated her. Prior to her termination, in January of 1998, she had obtained permission from the Hospital to attend the University of Louisiana at Lafayette and enrolled there for classes. Following her termination, she applied for unemployment benefits.
On July 30, 1998, an Appeals Tribunal held the first of two separate proceedings to determine her eligibility for unemployment benefits. In this first hearing, the administrative law judge (ALJ) issued two decisions. At issue in the proceeding was whether Ms. Rosette was available for work and, thus, eligible for unemployment benefits, or unavailable for work and, hence, ineligible. For reasons that are not clear in the record, the ALJ issued two decisions. One decision, Docket No. C 950 AT 98, the ALJ decided adversely to Ms. Rosette. It held that she was ineligible for benefits because she was unavailable for work. In the second decision, Docket No. C949 AT 98, the ALJ decided in favor of Ms. Rosette, holding that she was eligible for benefits as she fit under a statute[1] regarding working students, which permits benefits.
On September 1, 1998, the Hospital sought a second Appeals Tribunal, Docket No. C 1056 AT 98, in an attempt to prove that Ms. Rosette had been insubordinate and engaged in misconduct and, thus, was ineligible for benefits. When the Hospital failed to substantiate either allegation, the ALJ ruled in Ms. Rosette’s favor.
Ms. Rosette appealed the Appeals Tribunal first decision which was against her, Docket No. C 950 AT 98, to the Board of Review. It affirmed the decision on September 18, 1998. As the decision in Docket No. C 950 AT 98 would prevent an overall finding of eligibility for benefits, on October 2, 1998, Ms. Rosette sought judicial review of that decision. The Hospital’s counsel did not appear at the January |?3, 2000 trial, although in an earlier proceeding, counsel had agreed to that trial date. The district court considered the two Tribunal decisions. It upheld Docket No. C949 AT 98 (favorable to Ms. Rosette) and reversed Docket No. C950 AT 98 (the unfavorable decision) and found Ms. Rosette to be eligible for benefits.
The Hospital filed a motion for a new trial, contending that it did not have notice of that trial fixing. The district court denied this motion and stated, in its per curiam opinion, that the employer’s counsel had been present in the court room when it scheduled the matter for trial. The Hospital appeals, alleging that the district court ruled based upon an incomplete record, and that it failed to give written notice of the trial date.
LAW
The Record
The Hospital contends that the record at trial was incomplete and thus this matter should be remanded to the district court for supplementation and a new decision.
This contention is without merit. Ms. Rosette sought review of the decision which found her to be ineligible for benefits, Docket No. C 950 AT 98. A transcript of that Appeal Tribunal hearing is in the record. The record was sufficiently complete for the district court’s review. The Hospital had the burden to file a copy of the record with the district court within sixty days of service of process.[2] If there is any deficiency in the record, it is solely the fault of the Hospital.
Notice of the Trial Date
The Hospital had filed into the record a request for written notice of the trial date, pursuant to La.Code Civ.P. art. 1572. *205 However, the clerk of court did not provide a written notice of the January 3, 2000 trial date to the Hospital’s counsel. The Hospital contends that, therefore, the judgment should be set aside and a new trial ordered. This contention is without merit.
[ 3Article 1572 permits counsel to waive written notice of trial with the permission of all counsel at a pre-trial hearing. The record establishes that this exception is applicable to this case. At the November 15, 1999 hearing, which the Hospital’s counsel attended, he asked the trial court for a forty-five day continuance. The trial court then fixed the trial for January 3, 2000, and he agreed to that date. Thus, the Hospital impliedly waived written notice and received actual notice of the trial date per his own request to continue the proceeding and acceptance of that date. There is no error in the trial court’s decision, denying the motion for a new trial.[3]
CONCLUSION
The trial court’s decision, reversing the ALJ’s and Board of Review’s decisions in Docket No. C 950 AT 98 is affirmed. Its decision, upholding the decision in Docket No. C 949 AT 98 is, likewise, affirmed. The Hospital’s contentions that the record is incomplete and that it did not receive written notice of the trial date are without merit. We cast the Hospital with the costs of this appeal.
AFFIRMED.

. La.R.S. 23:1602(2).

. La.R.S. 23:1634.

. See Richards v. Richards, 525 So.2d 163 (La.App. 3 Cir.1988); Eddy v. Topper, 431 So.2d 840 (La.App. 2 Cir.1983).