BOLIN, Judge.
The parties herein were granted a final divorce prior to the litigation giving rise to the matter here on appeal. Following the divorce, Mr. and Mrs. Blanchard entered into a partial community property settlement agreement pursuant to which Mr. Blanchard was to render a general accounting for monies received and spent from May 1, 1961, until the date of the accounting. The present controversy relates to the aforesaid agreement.
On September 17, 1964, Eva Rice Blanchard filed a petition seeking certain rights in connection with the property settlement to which defendant filed an answer on October 27, 1964. On October 29, two days later, there was filed in the record a letter from defendant’s counsel requesting the Clerk to furnish “the defendant a 10-day written advance notice of the setting of the captioned matter for trial”. Opposition to homologation of inventory was filed by defendant on August 13, 1965.
The minutes of the court reflect that, following numerous interlocutory proceedings not pertinent to the matter on appeal, the case came on regularly for trial and evidence was adduced in open court on January 20, 1966, and on June 21, 1966. On neither occasion was defendant present or represented and no notice of the setting of the case for trial was given him. Final judgment was rendered in favor of plaintiff on November 30, 1966, and signed December 14, 1966. Notice of this judgment was served on defendant December 19, 1966, and on that date a motion for new trial was filed by defendant’s present counsel. The motion was overruled and defendant appeals.
Original counsel for appellant withdrew from the case on September 17, 1965, and the minute entry of September 22, 1965, states defendant was allowed until October 13 to obtain counsel. This he did not do until after he received the notice of final judgment.
The only issue presented on this appeal is appellant’s entitlement to have the judgment, signed December 14, 1966, set aside for failure to receive the notice requested in his letter.
Louisiana Code of Civil Procedure, Article 1572, provides:
“The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, properly stamped and addressed, at least ten days before the date fixed for trial.” (Emphasis added)
Appellee admits no notice of trial was given as requested by defendant and prescribed by Article 1572, supra. Rather he contends the default judgment on a rule nisi, rendered October 20, 1965, for failure to properly answer interrogatories, was in the nature of a preliminary default after which notice of trial was unnecessary. Alternatively, he argues the request for notice in the record was not in conformity with the article.
Applicable minutes of the court show as follows:
June 21, 1966 Trial resumed on petition for partition. Defendant not present or represented in Open Court by Counsel. * * * Evidence further adduced, closed and submitted on memorandum to be filed.
*408 Nov. IS, 1966 Case on the Merits submitted on briefs already filed.
Nov. 30, 1966 For reasons orally assigned, judgment rendered in favor of Plaintiff in accordance with accounting listed on Plaintiff’s' brief.
Dec. 14, 1966 Judgment read, signed and filed.”
The judgment is prefaced as follows:
“THIS CAUSE, having come on regularly for trial, evidence adduced, and the law and evidence being in favor thereof and for reasons orally assigned
Nowhere in the minutes, the judgment or the transcript of evidence is there any mention that this judgment was rendered on confirmation of default or pursuant to the preliminary default taken in connection with a rule. We hold this was not a default judgment and the provisions of Article 1572, supra, are mandatory since the request for written notice was filed in the record. Although there were numerous rules made returnable and interrogatories propounded, to conclude the judgment appealed from was rendered in confirmation of default would be purely speculative and for this reason we preter-mit any discussion of what the results might be in such a situation.
We find no merit in appellee’s alternative argument the letter should have been certified, or filed in pleading form, containing a certificate, with copy actually being sent to opposing counsel. We know of no authority which requires the request for notice of trial to be in any special form.
We conclude appellant was entitled to a 10-day advance written notice of the setting of the case for trial and failure of such notice rendered the judgment void.
For the reasons assigned the judgment appealed from, dated December 14, 1966, is annulled and set aside and this case is remanded for further proceedings in conformity with the views herein expressed and in accordance with law. Plaintiff is assessed with cost of this appeal, all other costs to await the final outcome of the case.
Annulled and remanded.