STOKER, Judge.
The issue brought up by this appeal is whether the failure of defendant to be given a requested notice of trial in the manner specified by LSA-C.C.P. art. 1572 renders invalid a judgment based on a trial on the merits conducted despite a lack of such notice. Defendant appeals from a money judgment against him for $32,500.00. At the trial defendant was neither present nor represented.
The defendant filed a reconventional demand with his answer, but the judgment makes no mention of the reconventional demand.
After a hearing the trial court denied a motion for a new trial filed by defendant-appellant on a finding that defendant received actual notice of the trial date. This appeal is characterized in the appellate briefs as an appeal from a denial of defendant’s motion for new trial. We do not reach the substantive issues considered at the trial of the cause and address only the issue of sufficiency of service of the notice of trial date. We affirm.
Previous counsel for the defendant withdrew as counsel of record through a motion filed on May 17, 1982. At the same time, counsel filed with the clerk of court of LaSalle Parish a request for written notice of trial date to be sent to defendant’s proper address. This request was made pursu *930 ant to Article 1572 of the Code of Civil Procedure which reads as follows:
Art. 1572. Written request for notice of trial
“The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.”
It is clear from the record that the notice was not mailed to the defendant as directed in the above quoted statute. Plaintiffs contend that instead of the notice being mailed as required by the statute, a “MOTION AND ORDER FOR ROUTINE ACTION” setting the trial date was processed through the clerk of court’s office and personally served on the defendant by a deputy sheriff. Defendant contends he never received the document. On June 14,1982, judgment was rendered against defendant, without defendant or his counsel being present. At the hearing on the motion for new trial the trial court found it more probable than not that the defendant was served personally with notice of the trial date.
The “MOTION AND ORDER FOR ROUTINE ACTION” does in fact contain an order signed by the district judge which reads:

Counsel for plaintiffs urges that the mailing of notice by the clerk of court as provided by Article 1572 is not the exclusive means by which a party or counsel of record may be given notice of setting of the date of trial. Counsel argues that service of notice by the sheriff or his deputy is sufficient. Counsel argues that proof of personal service by a sheriff or his deputy is better proof that a party receives notice than mailing notice by certified mail. Therefore, it is argued, service by a sheriff is equivalent to the mailing required of the clerk.
MAILING OF ARTICLE 1572 NOTICE BY THE CLERK OF COURT OBLIGATORY
The judgment rendered in this case would unquestionably, have been null had defendant not received notice of any kind. If such were the facts of this case we deem we would be bound to declare the judgment null and to remand the case for a new trial. Blanchard v. Blanchard, 204 So.2d 406 (La.App. 2nd Cir.1967). A written request by a party or counsel of record for the notice provided for in LSA-C.C.P. art. 1572 makes it obligatory upon the clerk of the trial court to mail the requested notice. See dicta in Georgia-Pacific Corp. v. Jim Walter Corp., 178 So.2d 794 (La.App. 3rd Cir.1965). Thus, even though in this case the deputy clerk of court followed the request of plaintiffs’ counsel and directed the sheriff of LaSalle Parish to serve the defendant with a copy of the court’s order (which the clerk furnished) the clerk of court of LaSalle Parish was not relieved of the obligation to mail defendant Doyle Smith a written notice by certified mail. Had this been done by the clerk even in addition to service by the sheriff, we would not have the present matter before us on appeal.
Despite these observations, the question we must decide is whether personal service of a copy of the trial court’s order setting trial (if such was in fact done) can cure the failure of the clerk of court to send the Article 1572 notice. Assuming for the moment that the defendant was served with an authenticated copy of the court’s order by a deputy sheriff as alleged, the defendant received actual notice of the fixing of the case for trial. The notice was received through official channels. While the Code of Civil Procedure provides that the clerk shall give the notice, it is the court which orders the setting of the trial date, not the clerk. The purpose of the article is *931 to insure that a party or his counsel receives at least ten days notice prior to trial of the date on which the trial is to be held. Hence, we hold that where, as in this case, a party or his attorney is served with a copy of the court’s order fixing trial, that party cannot complain or have set aside a judgment rendered following a trial conducted on the date fixed in the court order.
SHERIFF’S RETURN SHOWS SERVICE WAS MADE
Following rendition of judgment defendant applied for a new trial and an eviden-tiary hearing was held on the question of whether Doyle Smith was in fact served with the trial court order setting the trial. The record discloses that this was a close and serious issue.
In fairness to the office of the clerk of court, we point out that the deputy clerk of court who prepared the documents for service through the sheriff did so at the specific request of plaintiffs’ former counsel. The record in this case has been supplemented with a sheriff’s return which indicates that the deputy clerk of court prepared a form directing the sheriff of LaSalle Parish to serve Doyle Smith with “THE ATTACHED COPY OF THE Mot. to Withdraw as Counsel of Record and Mot. to set for Trial.” On the bottom of the same document is a form to be used by the sheriff or his deputy in making the return. The return in this matter appears thusly:

As technicalities it may be noted that the deputy clerk of court’s directions do not mention the trial court’s order setting the trial, only the motion to set the case for trial; Deputy Tommy Phillips’ return shows only that “I RECEIVED THE MOT.” and served it on Doyle Smith personally. We ultimately conclude that service of the court order was made because what the deputy served must have consisted of the “MOTION AND ORDER FOR ROUTINE ACTION”; and that document (appearing at page 33 of the record) contains both the motion to set the case for trial and the order to set the trial all on one page. Therefore, if the deputy served anything such as described by the clerk’s directions, it included the order.
The matter is not free from doubt. At the same time Deputy Phillips made service on the document involved here, he also served several documents in as many as three other cases. Phillips has no personal recollection of what he served. The deputy clerk of court who prepared all the various papers could not be certain of what was included. Doyle Smith does not deny that he was served by Deputy Phillips with various returns in several law suits. However, he, his wife and a friend, Jimmy Ainsworth, who were present at the time service was made testified that they examined all the papers carefully. The Doyles and Jimmy Ainsworth testified positively that no orders fixing this case for trial was contained in the numerous papers.
The trial court found that it was “more probable than not” that service was made. We decline to pass on the issue of whether service can be determined on a more probable than not basis. We prefer to affirm the trial court solely on the presumption of the *932 validity of the return. On that basis we feel that we will be on sound ground. Although the directions prepared by the deputy clerk of court and the manner in which the deputy sheriff filled out the return leave room for doubt on technical grounds, we interpret the directions and the return as indicating that service of the court was made.
CONCLUSION
For the foregoing reasons the judgment of the trial court on the merits and the judgment denying a new trial are affirmed. The costs of this appeal are assessed one-half to appellant and one-half to appellees.
AFFIRMED.