453 So.2d 1016 (1984)
Charles H. POSEY, Plaintiff-Appellee,
v.
Doyle SMITH, Defendant-Appellant.
No. 83-830.
Court of Appeal of Louisiana, Third Circuit.
August 10, 1984.
*1017 Kidd & Kidd, Paul Henry Kidd, Monroe, for plaintiff-appellee.
Douglas H. Allen, Winnfield, J.P. Mauffray, Jr., Jena, Jim W. Wiley, Winnfield, Gold, Little, Simon, Weems & Bruser, Dee D. Drell, Alexandria, for defendant-appellant.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOMENGEAUX, Judge.
Doyle Smith devolutively appeals from a refusal of the trial court to grant a preliminary injunction enjoining the sale of appellant's immovable property. The property was seized under a writ of fieri facias to satisfy the trial court's judgment signed June 14, 1982. Appellees are Charles Posey, Sherri Andrews Posey, and J.P. Mauffray, Jr.
On June 14, 1982, the trial court granted a money judgment for $32,500.00 against Doyle Smith in favor of Charles H. Posey and Sherri Andrews Posey. Smith then filed a motion for a new trial claiming that he had not received notice of the trial date. The trial court denied the motion and in February of 1983, this Court considered Smith's appeal of the denial of that motion. See Posey v. Smith, 427 So.2d 928 (La.App. 3rd Cir.1983). In that case this Court affirmed the money judgment and found that Smith had received notice of trial.
On June 17, 1983, a writ of fieri facias was issued to enforce the judgment of June 14, 1982. On June 21, 1983, Smith filed an action for nullity seeking both a temporary restraining order and a preliminary injunction. In this action against the Poseys and J.P. Mauffray, Jr. (the Poseys' attorney), Smith alleged that the June 14, 1982, judgment was a nullity and therefore should not be enforced. Smith also named his former attorney, Joe Wilson, as defendant in the action of nullity but sought no injunctive relief against him. The trial court signed the order which granted the temporary restraining order and set a hearing on the preliminary injunction for July 8, 1983.
On July 6 and July 7, 1983, J.P. Mauffray, Jr. and the Poseys separately filed motions to dissolve the temporary restraining order and for damages incident to the wrongful issuance of the temporary restraining order. The parties also separately filed dilatory and peremptory exceptions pursuant to appellant's petitions.
At hearing on July 8, 1983, the trial court considered the motions to dissolve the temporary restraining order and for damages for the wrongful issuance of the temporary restraining order but deferred hearing on the exceptions filed by the appellees. At the conclusion of the hearing the trial court rendered judgment which dissolved the temporary restraining order and denied the preliminary injunction. The trial court awarded the Poseys $500.00 (Five Hundred Dollars) damages as attorney's fees but took under advisement Mauffray's action for attorney's fees.
This judgment was signed on July 28, 1983. Smith was granted a devolutive appeal on August 4, 1983. On August 12, 1983, the trial court granted a corrected judgment which awarded the Poseys *1018 $600.00 (Six hundred dollars) damages as attorney's fees. The trial court also granted a corrected order of appeal which allowed the appellant a suspensive appeal from the award of damages but a devolutive appeal from the order refusing to grant the preliminary injunction. The appeal before us is the devolutive one from the preliminary injunction.
A trial court is vested with much discretion in determining whether to grant or refuse a preliminary injunction. Unless the discretion was erroneously exercised the trial judge's determination will not be disturbed. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979). A review of the record reveals that there was no abuse of discretion in this case.
Article 2298 of the Louisiana Code of Civil Procedure states in pertinent part:
"Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a third person claiming ownership of the seized property:
* * * * * *
(4) When the judgment sought to be executed is absolutely null."
Smith claims that he should be granted injunctive relief prohibiting the sale of the property seized under a writ of fieri facias; Smith contends that the June 14, 1982, judgment to be executed was null since he did not receive notice of the trial. However, Article 2005 of the Louisiana Code of Civil Procedure states:
"A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court."
In this case the June 14, 1982, judgment was affirmed by this appellate court in Posey v. Smith, supra. In that decision the court did consider the ground of nullity presented by the appellant, i.e., the lack of notice of trial date. La.C.C.P. article 2005, thus, applies, and the June 14, 1982, judgment cannot be annulled.
Both the trial court and this appellate court can regard the holding by this Circuit in Posey v. Smith, supra, as having binding precedential force. Under the procedural principle known as "law of the case," which may be more appropriate than res judicata to describe the relation between prior judgments by the trial and appellate courts within the same case, the trial court was justified in refusing to try anew the identical factual issues already tried and decided in a previous aspect of the same case. Succession of Colin Cameron, 446 So.2d 948 (La.App. 3rd Cir.1984). As stated by the Supreme Court in Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973), among the reasons assigned for application of the law of the case principle are:
"the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue."
In Posey v. Smith, supra, this appellate court had already determined that the June 14, 1982, judgment was not a nullity. In refusing to grant the preliminary injunction, the trial court followed this appellate court's holding that the judgment to be enforced was valid. Therefore, pursuant to the theory of the law of the case, the trial court's ruling denying the preliminary injunction was consistent with the decision of this appellate court.
At a very late date in this appeal, appellant requested this Court to remand the case to the trial court. Smith alleges that, on November 14, 1983, the district court issued a preliminary injunction enjoining the proposed sale. However, the record before us indicates no injunctive relief issued at that hearing. Additionally, appellant contends that the appellate record is incomplete and enumerates seven items which he claims are not included in the record. We have reviewed the record extensively *1019 and found each petition, pleading, transcript portion and other documentary evidence contained therein.
Appellant's "Motion to Remand" is denied. It is not necessary to supplement the appellate record because it is complete in its entirety. Furthermore, appellant is attempting to relitigate a matter in the trial court which has already been decided by this Court.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs are assessed against appellant, Doyle Smith.
AFFIRMED.