G. WILLIAM SWIFT, Jr., Judge Pro Tern.
The issues presented by this appeal are whether the trial court erred in denying defendant’s motion for a continuance, allowing fault to be determined at the trial in the absence of such an allegation in the pleadings, and finding the plaintiff free from fault in the breakup of the marriage.
Mr. and Mrs. Richards separated in November 1984 and on June 19, 1986, a judgment of divorce was rendered based on their living separate and apart for one year. Mrs. Richards, the plaintiff, was granted custody of their minor child and her rights to alimony and child support were reserved. On September 8, 1986, she filed a rule for child support and alimony and it was fixed for hearing by court order for October 2, 1986. At the request of defendant husband’s attorney and with the consent of opposing counsel this hearing was refixed for October 20, 1986. The former said in a letter to the court after the hearing he thought it was to be set for October 22, 1986. However, this was not mentioned at the October 20 hearing when defendant orally moved for a continuance of the alimony rule.
On October 1,1986, the defendant filed a declinatory exception of improper venue which was also set for October 20. On October 6 he filed a request for ten days written notice of any trial date under La.C. C.P. Art. 1572. This was not complied with. It appears that the notices (one of which was late) were incorrectly mailed to defense counsel’s former residential address instead of his business address which was on the Article 1572 request.
Regardless of the notification deficiency, counsel for both parties appeared for the hearing on October 20,1986, and both rules were adjudicated. The trial court found that venue was proper as Natchitoches Parish was the domicile of plaintiff. That finding was not appealed and is not before this court.
*165 When the case was called, defense counsel announced that he was ready to proceed on the exception of venue, but he was not prepared to try the fault issue in the alimony rule. His motion was based on the failure of the clerk to furnish the requested notice of the trial date of that rule and in addition because the motion contained no allegation of fault he contended he was unaware that he had to prepare for that issue.
The court heard the evidence as to venue and overruled the exception. Defense counsel then stated that he would like to move forward on the child support issue, but re-urged his motion for a continuance of the hearing on alimony. It was denied, the court indicating that since fault of the parties is an essential element in the determination of the right to permanent alimony, counsel should have been aware that it would be at issue in the trial of such rule. In addition, the judge said:
“Mr. Cortello, you were obviously hired by Mr. Richards when the papers were served on him. The original date of this hearing was October the 2nd. You in a letter dated September the 30th, addressed to the Clerk of Court, said that you could not be here for October the 2nd. The matter was then rescheduled for today, October the 20th. Now, I don’t know what you’ve done between the 2nd and the 20th but you should have prepared for this. You knew the Rule and you knew the Declinatory Exception were set for the 20th. I’m not going to argue with you. We will hear this Rule at this time.”
The defendant husband has appealed the judgment dated October 27, 1986, granting the plaintiff alimony and child support, each in the sum of $300.00 per month.
La.C.C.P. Art. 1601 provides that a continuance may be granted “if there is good ground therefor” and the following article sets forth the peremptory grounds for a continuance, one of which is that the mover “has been unable, with the exercise of due diligence, to obtain evidence material to his case.”
It is clear that the defendant did not receive timely the trial notice provided by La.C.C.P. Art. 1572.
The purpose of such notification is to insure that a party or his counsel receives at least ten days notice prior to trial of the date on which the trial is to be held so that he can prepare therefor and eliminate surprises. However, it can be waived. Posey v. Smith, 427 So.2d 928 (La.App. 3 Cir.1983); Eddy v. Topper, 431 So.2d 840 (La.App. 2 Cir.1983). In Eddy, the defendants requested ten days notice under C.C.P. Art. 1572. The parties then stipulated to a trial date; later counsel for the defendants withdrew and new counsel was substituted. On the date of trial, counsel for the defendants made no appearance, and judgment was rendered in favor of plaintiff. The Second Circuit affirmed the trial court’s denial of the defendant’s motion for new trial and stated:
“The trial court noted in its oral reasons for judgment that, while Mr. Rot-hell may not have given specific notice of the August 23,1982, setting to the Houston attorney, ‘he certainly indicated to his client, or rather his client’s counsel, out of state counsel, that it would probably be August 23.’ The trial court essentially held that, since the new date was agreed to by counsel in open court, the 10 day notice was implicitly waived and the motion for new trial should therefore be denied.”
We hold that where, as in Eddy, a party or his attorney is notified in court or stipulates with opposing counsel with the court’s approval of a trial date, that the party requesting notification under C.C.P. Art. 1572 waives the right to assert failure of notification by the clerk as grounds for a reversal on appeal.
In regard to defendant’s contention that he was surprised and was not prepared to litigate the matter of fault, it is interesting to note that despite his argument of being unable to investigate and obtain the necessary witnesses to testify on the issue of fault defense counsel had at least one out-of-town witness who was put on the stand at the October 20 hearing and *166 testified on this issue. Apparently, the trial judge was satisfied counsel had not exercised due diligence in an attempt to obtain additional witnesses on this point or that there were none.
It is, of course, well established in this state that the trial court has wide discretion in granting or refusing a continuance and its ruling should not be disturbed on review in the absence of clear abuse. Armstrong v. State Farm Fire & Cas. Co., 423 So.2d 79 (La.App. 1 Cir.1982); State, Sabine River Authority v. Lucius, 335 So.2d 95 (La.App. 3 Cir.1976); Allen v. Riley Mobile Home Sales, Inc., 307 So.2d 773 (La.App. 3 Cir.1975).
The defendant had notification as early as September 22, 1986 of the rule to show cause on the alimony issue and the hearing thereof set for October 2. Counsel for both parties agreed to a continuance and requested a new hearing date, and it was fixed for October 20, 1986. Defense counsel was certainly aware of this well before the hearing because he appeared in court on that day with a witness to testify on the fault issue. We find no manifest error in the trial court’s refusal to grant the continuance.
We also agree that the trial court correctly overruled the defendant’s objection to the fault evidence not being covered by the pleadings. In Bowman v. Bowman, 355 So.2d 564, 566 (La.App. 3 Cir.1978), writ denied, 358 So.2d 641 (La.1978), we said in a similar summary proceedings:
“Upon the filing of a rule for permanent alimony our law automatically places upon the wife the burden of proving that the divorce was obtained by her or by her husband under the circumstances set forth in subparagraphs 2 and 3 of LSA-C.C. Article 160; she has not been at fault; and, she has not sufficient means for her support. Upon proper proof of these three elements the court may allow the divorced wife, out of the property and earnings of the husband, alimony not to exceed one-third of his income. LSA-C.C. Article 160.
Our law does not intend nor does it contemplate that in a summary proceeding for permanent alimony the wife must necessarily allege with exactness and precision the elements which our law clearly requires she must prove before she is entitled to an award of permanent alimony. Accordingly, we conclude that the trial court was eminently correct in allowing proof of the defendant wife’s freedom from fault although her rule contained no averment that she was without fault in causing the divorce.”
We find Bowman applicable here. There is no merit to this alleged error.
From our review of the transcript we agree with the trial judge’s decision that the husband’s fault caused their marriage to terminate and the wife was not guilty of sufficient fault. He accepted the testimony of the wife and her mother, that Mr. Richards cut off Mrs. Richards’ shirt and shorts with a knife while she was sleeping and this and other cruelties were the real cause of the end of their marriage. It was not until the threat on the wife’s life did she find it necessary to leave the family domicile forever.
For the foregoing reasons, we affirm the district court’s judgment. The costs of appeal are assessed to defendant-appellant.
AFFIRMED.