# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-361

**LANEY RAY BARLOW, JR.**

**VERSUS**

**SANDRA GUILLOT BARLOW**

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 42083
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Dr. Sule Douglas Busari**
**Post Office Box 168**
**Tallulah, LA 71282**
**Telephone: (318) 574-2955**
**COUNSEL FOR:**
    **Plaintiff/Appellant – Laney Ray Barlow, Jr.**

**John Scott Sartin**
**406 Prairie Street**
**Winnsboro, LA 71295**
**Telephone: (318) 435-1224**
**COUNSEL FOR:**
    **Defendant/Appellee – Sandra Guillot Barlow**

**Paul A. Lemke**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**Telephone:  (318) 744-5431**
**COUNSEL FOR:**
      **Plaintiff/Appellant – Laney Ray Barlow, Jr.**

**THIBODEAUX, Chief Judge.**

Laney Ray Barlow, Jr. appeals the trial court's award of sole custody of a minor daughter to Sandra Guillot Barlow in response to her request to modify a considered joint-custody decree to supervised physical custody for reduced periods. Mr. Barlow did not appear at the hearing. He later filed a motion for new trial contending that the clerk of court failed to give the notice of trial date prescribed by local court rules. The trial court denied the motion. Because we find that actual notice of the trial date remedied the lack of prescribed notice and that the record supports the trial court's judgment to modify the considered decree to sole custody, we affirm.

I.

## ISSUES

We must determine whether:

(1)   the trial court abused its discretion in denying a motion for new trial when notice of the trial date did not comply with local rules;

(2)   the trial court committed manifest error in finding the evidentiary burden to modify a considered custody decree had been met; and

(3)   the trial court abused its discretion in awarding sole custody.

II.

## FACTS AND PROCEDURAL HISTORY

Sandra Guillot Barlow and Laney Ray Barlow, Jr. divorced in 2007, at which time they shared one minor daughter, Ashley Barrow. Following the divorce, a hearing on custody was held. The trial court rendered judgment in June

of 2010, awarding Mr. and Mrs. Barlow joint custody of Ashley, designating Mrs. Barlow as the domiciliary parent, and determining other matters incidental to custody. The judgment provided that Mr. Barlow would have physical custody on his days off from work and the two would split holiday time.

Subsequently, Mrs. Barlow filed a rule to modify the existing custody order. She premised her rule on several events that had occurred since the June 2010 judgment, including Mr. Barlow's separation from his second wife and loss of his permanent home. She asked that Mr. Barlow's periods of physical custody be reduced and supervised by her, that Mr. Barlow be required to give notice before exercising custody, and that incidental relief arising from the June 2010 judgment be granted. Mr. Barlow received service of this rule and its fixed hearing date. Before the hearing date, Mr. Barlow's attorney filed a motion for continuance. A telephone conference then took place, during which attorneys for both parties and the trial court agreed the matter would be reaffixed for February 1, 2013. The judge then rendered an order reassigning the new agreed upon date on Mrs. Barlow's motion.

Thereafter, Mr. Barlow and his attorney met to prepare for the February hearing. Mr. Barlow's attorney filed a Motion to Resign upon learning that Mr. Barlow could not pay him. The motion included a request that the February hearing be continued. On January 22, 2013, the attorney advised Mr. Barlow of the February hearing date, and Mr. Barlow signed an affidavit consenting to the withdrawal. The trial court denied the motion to withdraw.

At the February hearing neither the attorney nor Mr. Barlow appeared. The trial court proceeded in their absence. At the close of the hearing, the court awarded Mrs. Barlow sole custody of Ashley and other incidental relief. Mr.

Barlow then filed a motion for new trial through new counsel. Mr. Barlow based his motion on his purported lack of notice of the February hearing date. The trial court denied the motion and defendant filed this appeal.

III.

## STANDARD OF REVIEW

A trial court's decision to grant or deny a motion for new trial will not be disturbed absent a clear abuse of discretion. *Garrett v. Universal Underwriters*, 586 So.2d 727 (La.App. 3 Cir. 1991). A trial court's finding that a plaintiff has satisfied the requisite burden of proof to modify a considered custody decree is a question of fact which will not be disturbed absent manifest error. *Oliver v. Oliver*, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081. As such, the trial court's finding will not be reversed unless a review of the record in its entirety reveals both that a reasonable factual basis does not exist for the trial court's finding and that the finding is clearly wrong. *Id*. Additionally, a trial court's ultimate determination regarding child custody is to be afforded great deference on appeal and will not be disturbed absent a clear abuse of discretion. *Martin v. Martin*, 11-1496 (La.App. 3 Cir. 5/16/12), 89 So.3d 526.

IV.

## LAW AND DISCUSSION

### *Whether Lack of Prescribed Notice Warranted a New Trial*

Mr. Barlow contends the trial court should have granted him a new trial because the clerk of court failed to give him written notice of the trial date at least ten days before trial, as required by court rules. We disagree and find Mr. Barlow's actual notice of the set trial date remedied the lack of formal notice.

Under the Seventh Judicial District Court Rule 9.14, the clerk of court is required to give written notice of the date fixed for trial at least ten days before trial in two situations: (1) when either party submits a written request for notice pursuant to Article 1572 of the Code of Civil Procedure and (2) in all cases where the date is not fixed in open court in the presence of all parties or agreed to in writing by all parties and the court. The purpose of this rule is to provide adequate notice of trial to all parties for reasons of due process. La.Code Civ.P. art. 1571.

A clerk's failure to give mandatory notice under Rule 9.14 is not necessarily fatal to a judgment. This court has found that actual notice of trial date can remedy the failure of a clerk to give formal notice or serve as an implied waiver of such notice. In *Posey v. Smith*, 427 So.2d 928 (La.App. 3 Cir. 1983), this court found that defendant's actual notice of trial date cured the clerk's failure to give mandatory notice under Article 1572. The court noted that the purpose of the article is to ensure that a party receives at least ten days' notice of the trial date. *Id.* In *Richards v. Richards*, 525 So.2d 163 (La.App. 3 Cir. 1988), this court found that a party waived his right to assert error in the clerk's failure to give mandatory notice when he had actual notice of trial date by virtue of his agreement with opposing counsel and the court of the set date. The court noted the purpose of required notice is to ensure that a party receives at least ten days to prepare for trial. *Id.* In *Rosette v. Opelousas Gen. Hosp. Adm'r*, 00-378 (La.App. 3 Cir. 9/27/00), 771 So.2d 203, this court found that a party impliedly waived mandatory notice of trial date under Article 1572 when it had actual notice by virtue of its own request to continue and acceptance of the new date. These cases indicate that notice requirements under Rule 9.14 are meant to give parties at least ten days' notice of the trial date to prepare, and when a party receives actual notice of trial

4

date at least ten days in advance it cannot then assert error on the sole ground that such notice did not conform to the manner specified by local rules.

Mr. Barlow asserts the clerk's failure to comply with local court rules warranted a new trial. While the clerk did not comply with formal notice requirements, Mr. Barlow knew of the set trial date at least ten days prior to trial. He testified that when he gave written consent for his lawyer's withdrawal on January 22, 2013, his lawyer discussed the February hearing date. Mr. Barlow does not deny that he had actual notice of the trial date at least ten days prior to trial and alleges error solely on the ground that the formal requirements of the rule were not met. Consistent with our prior rulings on this issue in *Posey*, *Richards*, and *Rosette*, we find Mr. Barlow's actual notice of the trial date at least ten days prior to trial remedied the failure of the clerk to provide written notice required under Rule 9.14. He had at least ten days to prepare for trial, the same as he would if the clerk of court had given written notice within the same time frame. Accordingly, we find Mr. Barlow's argument without merit and there is no abuse of discretion in the trial court's denial of his motion for new trial on this ground.

### *Whether the Trial Court Erred in Modifying Decree to Sole Custody*

Mr. Barlow contends the trial court erred in modifying the existing custody decree and awarding Mrs. Barlow sole custody. We disagree. The record demonstrates a reasonable basis for the trial court's finding that Mrs. Barlow met the evidentiary burden to modify custody. Additionally, the record supports the trial court's determination that sole custody to Mrs. Barlow served the child's best interest.

In an action to modify a considered custody decree, the plaintiff must first show that a change of circumstances materially affecting the welfare of the child has occurred since the prior custody order. *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). Next, the plaintiff must show that continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or, by clear and convincing evidence, that the harm likely to be caused by a change of environment is substantially outweighed by its advantage to the child. *Id.* If a court finds the plaintiff has met this burden, it must then modify custody pursuant to the child's best interest. *Id.* In modifying custody pursuant to the child's best interest, the court shall consider all relevant factors. *See also* La.Civ.Code art. 134. Additionally, the court is not limited to the requested relief and may grant any relief to which a party is entitled. La.Code Civ.P. art. 862.

Here, the record supports the trial court's threshold determination that Mrs. Barlow met the *Bergeron* standard to modify custody. In her Rule to Modify, Mrs. Barlow asserted that since the issuing of the prior custody decree, Mr. Barlow's second marriage had deteriorated. She asserted that Mr. Barlow had moved out of the marital residence, had no permanent home, and had moved in with his son, Derrick Barlow. Additionally, she stated that Mr. Barlow left Ashley in the care of Derrick Barlow, who had criminal charges against him as well as a drug-related conviction. Also, she contended that Mr. Barlow and Derrick engaged in physical altercations in front of Ashley and that Mr. Barlow did not properly supervise Ashley, resulting in a recent injury. Additionally, she asserted that Mr. Barlow had failed to exercise his designated periods of physical custody with Ashley and did not contact her for at least eight weeks on two separate occasions that year.

6

At the February hearing on custody, Mrs. Barlow presented additional evidence in support of custody modification. The evidence presented and accepted by the judge showed that Ashley knew of Mr. Barlow's designated time for visitation under the prior custody decree and would become disappointed and saddened when he didn't exercise this visitation. Mrs. Barlow testified that Mr. Barlow now lived close enough to her home that Ashley could see him enter and leave the residence he shared with Derrick. She testified that Ashley seeing Mr. Barlow come and go while simultaneously not contacting her or exercising visitation negatively affected her. Mrs. Barlow further testified that Mr. Barlow did not attend any of Ashley's extracurricular events, and he did not take her to any practices while having physical custody. Ashley's grandmother also testified that Mr. Barlow's close proximity and infrequent visitation had a negative impact on Ashley, stating that it made her sick and anti-social.

The trial court's oral reasons for judgment reflect its consideration of these facts in light of the *Bergeron* standard. The court discussed both changes in circumstances since the initial custody order and the harmful effect of the present custody arrangement on the minor child. In particular, the judge noted that since Mr. Barlow and his second wife separated, he'd "lost control of his life," which made caring for Ashley difficult. The trial court then expressed several concerns about the effect of the current custodial arrangement on Ashley, such as her missing school while in the care of Mr. Barlow and possible exposure to drug use in Mr. Barlow's current residence. The court noted that the child did not feel welcome in her father's current residence. Additionally, the court noted Mr. Barlow's lack of notice and inconsistency in visitation "stymied" the child. Ultimately, the trial court found Mrs. Barlow demonstrated sufficient evidence to

7

modify custody. This finding has a reasonable basis in fact and is not clearly wrong in light of the foregoing evidence. As such, we find no manifest error in the judgment of the trial court.

The foregoing evidence amply supports the trial court's determination that an award of sole custody to Mrs. Barlow reflected the child's best interest. The trial court's oral reasons for judgment reveal its primary concern was the effect of Mr. Barlow's instability on Ashley. For this reason, the court stated that "it would be in the best interest of the child to go to a more standard visitation," which prompted it to award sole custody to Mrs. Barlow.

Mr. Barlow contends that the trial court erred in granting sole custody because Mrs. Barlow didn't specifically request it. However, Mrs. Barlow requested "any and all just and equitable relief." Moreover, the trial court had authority to award any relief warranted by the facts, pursuant to La.Code Civ.P. art. 862. The trial court found, as indicated by its written and oral reasons for judgment, that Mr. Barlow's lack of permanent home, infrequency in visitation, and other "personal problems" warranted that sole custody be awarded to Mrs. Barlow. This determination is wholly supported by the evidence, and thus, cannot be said to be an abuse of discretion. As such, Mr. Barlow's argument is without merit.

V.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court awarding sole custody to Mrs. Barlow and denying Mr. Barlow's motion for new trial. Costs of this appeal are assessed against Mr. Barlow.

**AFFIRMED**.