NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1246


SUSAN MATTHEWS MCKNIGHT

VERSUS

DEVEREUX JOHNSON MCKNIGHT


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 124677
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


REVERSED, VACATED, AND REMANDED.

**Leon J. Minvielle, III**
**Haik, Minvielle & Grubbs**
**Post Office Box 11040**
**New Iberia, Louisiana 70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Devereux Johnson McKnight**

**Diane Sorola**
**402 West Convent Street**
**Lafayette, Louisiana 70501**
**(337) 234-2355**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Susan Matthews McKnight**

**Judith R. Kennedy**
**Attorney at Law**
**Post Office Box 2320**
**Lafayette, Louisiana 70502-2320**
**(337) 593-9902**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Susan Matthews McKnight**

**CONERY, Judge.**

In this case, the defendant, Devereux Johnson McKnight, seeks to vacate the September 4, 2014 judgment of the trial court granting a divorce pursuant to La.Civ.Code art. 103(1) to plaintiff, Susan Matthews McKnight, on the basis that Mrs. McKnight failed to follow the procedural requirements to fix a matter for trial required by Louisiana District Court Rules Appendix 9.14. For the following reasons, we vacate the trial court's September 4, 2014 judgment and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

This is the second marriage between Susan and Devereux McKnight. They were previously married on June 6, 1970 and divorced in 1994. They have three children born during their first marriage, all of whom are majors. The couple remarried on June 6, 1997 in Iberia Parish, Louisiana and separated on December 27, 2013. Prior to their second marriage the couple signed a prenuptial agreement but have co-owned property purchased with their separate funds.

On July 1, 2014, Mrs. McKnight filed a "Petition for Divorce Pursuant to Civil Code Article 103(1) Without Minor Children" (Petition). Mrs. McKnight requested that service of the petition be made "ON OR AFTER JULY 7, 2014." In the transcript of the trial held on September 4, 2014, counsel for Mr. McKnight stated on the record that Mr. McKnight was served with Mrs. McKnight's Petition on July 10, 2014.

On July 28, 2014, Mr. McKnight filed an "Answer to Petition for Divorce and Reconventional Demand" (Reconventional Demand). The next day, on July 29, 2014, Mrs. McKnight responded with a "Motion And Order To Set For Trial,"

which was filed into the record on July 30, 2014. In her filing to the trial court she suggested:

> [T]hat the above-entitled matter is in a posture to be set for trial, an answer having been filed on July 28, 2014, and requests that this matter, her Petition for Divorce Pursuant to Civil Code Article 103(1) Without Minor Children be set for trial on **September 4, 2014 at 10 a.m**. . . . the next available date on his **St. Martin Parish** civil docket, **a date and location agreed upon by both attorneys**.

(Second emphasis added.)

On August 1, 2014, the trial court signed the ex parte order attached to the motion setting the case for trial on the requested date of September 4, 2014 at 10:00 a.m. The record does not reflect that notice of the order setting the trial for September 4, 2014, was ever sent by the Clerk of Court to counsel for Mr. McKnight.

Mr. McKnight responded with a document dated August 21, 2014 entitled, "Motion & Order To Set Aside Fixing For Trial" (Motion). Mr. McKnight's Motion provided that although an answer had been filed to Mrs. McKnight's Petition, Mr. McKnight's Reconventional Demand had not been answered by Mrs. McKnight. The Motion further stated, "Therefore, all issues had not been joined, and, the matter is not in a posture to be fixed for trial."

Mr. McKnight's Motion also provided, "it is necessary that discovery be had in this matter, including the taking of depositions of several parties, which have not been scheduled, due to the fact that an Answer to the Reconventional Demand had not been filed." Mr. McKnight's Motion also cited a violation of Louisiana District Court Rules Appendix 9.14, which governs counsel's certification to the Court that a matter is ready to be fixed for trial. Louisiana District Court Rules Appendix 9.14 will be discussed in detail later in the opinion.

2

On August 25, 2014, the trial court altered the ex parte order submitted with Mr. McKnight's Motion and set aside the fixing of September 4, 2014 for Mr. McKnight's Reconventional Demand, but also wrote by hand, "the trial of the main demand remains fixed for September 4, 2014." Mr. McKnight's Motion and Order were filed on August 26, 2014. Notice was mailed by the Clerk of Court to all parties on August 27, 2014.

On August 28, 2014, Mr. McKnight filed a "Motion and Order for Preliminary Default," based on the failure of Mrs. McKnight to timely answer his Reconventional Demand, served on August 12, 2014. The Order granting the preliminary default was also signed by the district court on August 28, 2014. On September 2, 2014, Notice of the Default was sent by the Clerk of Court only to counsel for Mr. McKnight.

The September 4, 2014 trial on Mrs. McKnight's Petition was held before the trial court as scheduled. At the hearing, counsel for Mr. McKnight once again objected on the same grounds stated in his Motion seeking to traverse the trial date. Counsel for Mr. McKnight argued that issue had not been joined on his Reconventional Demand alleging adultery and that Mrs. McKnight had failed to meet the requirements for fixing a matter for trial provided in Louisiana District Court Rules Appendix 9.14. The trial court overruled Mr. McKnight's objection and the case proceeded to trial on Mrs. McKnight's La.Civ.Code art. 103(1) divorce. Mr. McKnight's Reconventional Demand alleging adultery under La.Civ.Code art. 103(2) was severed. Mrs. McKnight and her sister, Patricia Matthews Wells, testified that the couple had been separated since December 23, 2013, and had not reconciled.

3

Counsel for Mrs. McKnight then prayed for judgment of divorce pursuant to La.Civ.Code art. 103(1), which was granted. The trial court proceeded to sign the judgment of divorce presented by counsel for Mrs. McKnight in open court on September 4, 2014.

Mr. McKnight timely appealed, requesting that the September 4, 2014 judgment of divorce be set aside and that Mrs. McKnight be ordered to answer Mr. McKnight's Reconventional Demand in lieu of the confirmation of default still pending in the district court.

## ASSIGNMENTS OF ERROR

Mr. McKnight assigns the following errors on appeal:

1. The trial court erred in fixing the principal demand for trial, because a Reconventional demand had been filed and never answered.

2. The trial court erred in fixing the principal demand for trial, because the required "Certificate" that all issues had been joined, all discovery complete, and all incidental matters were disposed of, or the parties discussed settlement, was never filed with the Court.

## LAW AND DISCUSSION

### Standard of Review

Mr. McKnight seeks to vacate the trial court's judgment so that an answer can be filed to his Reconventional Demand and any necessary discovery may proceed on the issues raised in his Reconventional Demand. After issue is joined, a certification pursuant to Louisiana District Court Rules Appendix 9.14 may properly be submitted to the trial court and a trial date fixed. This procedure, as envisioned by Louisiana District Court Rules Appendix 9.14, would allow all issues raised by both parties to be considered by the trial court in a single proceeding.

4

In this case, the trial court's decision to bifurcate Mr. McKnight's Reconventional Demand from Mrs. McKnight's Petition and to proceed, over objection, to hear and grant Mrs. McKnight's request in her Petition for a La.Civ.Code art. 103(1) divorce is subject to the abuse of discretion standard of review. *Barlow v. Barlow*, 14-361 (La.App. 3 Cir. 10/1/14), 149 So.3d 856.

***Untimely Filing of Mr. McKnight's Reconventional Demand***

Mrs. McKnight argues that Mr. McKnight's July 28, 2014 Reconventional Demand was untimely on the basis that Mr. McKnight was served on July 10, 2014 with Mrs. McKnight's Petition. Mrs. McKnight relies on La.Code Civ.P art.1001 which provides, "A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law." We do not agree.

Louisiana Code of Civil Procedure Article 1031(B) defines incidental demands and provides, "Incidental demands are **reconvention**, cross-claims, intervention, and the demand against third parties." (Emphasis added.) Louisiana Code of Civil Procedure Article 1033 provides, "An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed."

Despite the requirement in La.Code Civ.P. art. 1001 that an answer must be filed "within fifteen days of service of citation," La.Code Civ.P. art. 1002 provides, "Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him."

The record does not reflect that a default judgment was taken by Mrs. McKnight prior to Mr. McKnight's answer and Reconventional Demand. Thus, based on the codal provisions cited above, both Mr. McKnight's Answer and Reconventional Demand were timely filed.

*Louisiana District Court Rules Appendix 9.14*

The pertinent provisions of Louisiana District Court Rules Appendix 9.14 provide:

ASSIGNING CIVIL CASES FOR TRIAL

1. Civil cases shall be fixed for trial upon the motion of a party in interest certifying to the Court that:

a. All issues have been joined,

b. All depositions, interrogatories, and other discovery have been completed,

. . . .

d. The parties have discussed seriously a settlement or compromise of the action, without avail,

e. The case is ready for trial on the merits, and

. . . .

The Clerk of Court is authorized to return motions to fix in which a), c) or f ) are not satisfied or the certificate is incomplete.

The certification shall be made in writing and all opposing parties and/or their counsel shall be mailed a copy of said certification by the office of the Clerk of Court. Any party opposing said Motion shall do so within ten days after mailing of the notice. Any opposition shall be in the form of a motion to traverse the trial date and any party not timely filing said motion to traverse within the ten day period shall be deemed to have acquiesced in the trial date and in the fact that the case is ready for trial.

The record in this case is clear that the requisite certifications to the trial court were not contained in Mrs. McKnight's "Motion & Order To Set For Trial," dated July 29, 2014 and filed July 30, 2014. The Motion reads in pertinent part, that Mrs. McKnight, "through undersigned counsel, suggests to this Honorable Court that the above-entitled matter is in a posture to be set for trial, an answer having been filed July 28, 2014." The Motion further requests the trial be set on

"**September 4, 2014, at 10: a.m.** . . . the next available date on his **St. Martin Parish** civil docket, a date and location agreed upon by both attorneys."

The "Motion & Order To Set For Trial" seems to suggest that counsel for both parties had agreed to the date and location of the September 4, 2014 trial. However, counsel for Mr. McKnight argues that Mr. McKnight, "through counsel only advised that counsel was available on that date, never formally 'agreeing' to that date." Regardless, there is nothing filed in the record to show that Mr. McKnight waived his right to have his Reconventional Demand answered and nothing to support that he acquiesced in the trial date.

***Mr. McKnight's "Acquiescence" to the September 4, 2014 Trial Date***

Further, there is argument by counsel for Mrs. McKnight that counsel for Mr. McKnight acquiesced to the September 4, 2014 trial fixing by failing to timely traverse the trial fixing as required by Louisiana District Court Rules Appendix 9.14. However, the record before this court belies this conclusion.

Louisiana District Court Rules Appendix 9.14, requires that, "all opposing parties and/or their counsel shall be mailed a copy of said certification by the office of the Clerk of Court." Mrs. McKnight's "Motion & Order To Set For Trial" contains no certification required by Louisiana District Court Rules Appendix 9.14. Further, the record does not reflect that Mrs. McKnight's Motion and the trial court's August 1, 2014 order setting the trial for September 4, 2014 in St. Martin Parish, was ever mailed to opposing counsel for Mr. McKnight.

Mrs. McKnight argues that the Motion filed by Mr. McKnight to set aside the trial fixing based on lack of certification pursuant to Louisiana District Court Rules Appendix 9.14 was untimely. Moreover, she argues that Mr. McKnight agreed to the trial date and that the case was ready for trial. Louisiana District

Court Rules Appendix 9.14 requires that any motion to traverse the trial date shall be filed "within ten days after mailing of the notice." Therefore, "any party not timely filing said motion to traverse within the ten day period shall be deemed to have acquiesced in the trial date and in the fact that the case is ready for trial." *Id*.

The record reflects that Mr. McKnight's Motion seeking to traverse the trial fixing was mailed to opposing counsel on August 21, 2014 and filed into the record on August 26, 2014. The trial court, in its order of August 25, 2014, maintained the September 4, 2014 trial date for Mrs. McKnight's Petition seeking a La.Civ.Code art. 103(1) divorce. The trial court granted Mr. McKnight's request to refix his Reconventional Demand, thereby bifurcating his claim seeking a La.Civ.Code art. 103(2) divorce.

Without any notice to Mr. McKnight from the Clerk of Court of the September 4, 2014 trial fixing in the record, there is no basis for this court to determine whether or not Mr. McKnight failed to timely file his Motion, "within ten days after mailing of the notice," and has thus, "acquiesced in the trial date and in the fact that the case is ready for trial."

Mrs. McKnight cites *Barlow*, 149 So.3d 856, for the proposition that the Clerk of Court's failure to send the required notice under Louisiana District Court Rules Appendix 9.14 was cured by Mr. McKnight's knowledge of the trial date. In *Barlow*, a panel of this court cited another third circuit panel in *Richards v. Richards*, 525 So.2d 163 (La.App. 3 Cir. 1988), which found "that a party waived his right to assert error in the clerk's failure to give mandatory notice when he had actual notice of trial date by virtue of his agreement with opposing counsel and the court to set the date." *Barlow*, 149 So.3d at 859.

8

The facts in *Barlow* are distinguishable from the record in this case. *Barlow* involved a child custody proceeding that Mr. Barlow failed to attend. The trial court proceeded with the hearing and awarded sole custody of the minor child to Mrs. Barlow. Mr. Barlow sought a new trial on the basis that the Clerk of Court had failed to give the required mandatory notice under Louisiana District Court Rules Appendix 9.14.

Mr. McKnight does not appeal the failure of the Clerk of Court to give notice, but that the Louisiana District Court Rules Appendix 9.14 certification procedures were not followed, as issue had not been joined, no discovery had taken place, and the case was not ready for trial on the merits.

In this case the record reflects that after the trial court's order of August 25, 2014, denying Mr. McKnight's motion to set aside the September 4, 2014 trial date, he continued to take steps to prevent the trial on September 4, 2014. On August 28, 2014, he filed and had confirmed a preliminary default against Mrs. McKnight for failure to answer the Reconventional Demand.

On September 4, 2014, the day of the trial, Mr. McKnight's counsel once again urged the same objections to the trial proceeding as scheduled, that issue had not been joined, and the provisions of Louisiana District Court Rules Appendix 9.14 had not been followed by Mrs. McKnight's counsel in the "Motion & Order To Set for Trial." Despite no explanation by counsel for Mrs. McKnight on the morning of trial for failure to make the required certifications to the trial court under Louisiana District Court Rules Appendix 9.14, Mr. McKnight's objection to the trial proceeding on Mrs. McKnight's Petition was overruled by the trial court, without explanation.

9

Based on the record before us, and in the interest of justice, we find that the trial court abused its discretion in failing to require that issue on the Reconventional Demand be joined, discovery be completed on all issues, and the case be properly certified under Louisiana District Court Rules Appendix 9.14, before fixing the case for trial on the merits.

## CONCLUSION

For the foregoing reasons, we reverse and vacate the trial court's September 4, 2014 judgment of divorce and remand this matter to the trial court for proceedings consistent herewith. Costs of this appeal are assessed to Susan Matthews McKnight.

**REVERSED, VACATED, AND REMANDED.**

This opinion NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.