EBONY HOLMES

VERSUS

CITY OF NEW ORLEANS,
SEWERAGE AND WATER
BOARD OF NEW ORLEANS,
HARD ROCK
CONSTRUCTION, LLC,
TIDEWATER
CONSTRUCTORS, LLC, V
KEELER & ASSOCIATES,
INC. AND KINSALE
INSURANCE COMPANY

* NO. 2024-CA-0269

*

COURT OF APPEAL

* 

FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07540, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

Steven E. Psarellis
STEVEN E. PSARELLIS, APLC
3939 N. Causeway Blvd., Suite 100
Metairie, LA 70002

Gerald Wasserman
GERALD D. WASSERMAN, LLC
3939 North Causeway Boulevard, Suite 200
Metairie, LA 70002

        COUNSEL FOR PLAINTIFF/APPELLANT

Brett W. Tweedel
Aldric C. Poirier, Jr.
BLUE WILLIAMS, L.L.P.
3421 North Causeway Boulevard, Suite 900
Metairie, LA 70002

        COUNSEL FOR DEFENDANT/APPELLEE

                                **VACATED AND REMANDED**
                                **September 26, 2024**

*RML*

*TGC*

*RDJ*

This is a property damage case. Three of the defendants—Tidewater Constructors, LLC ("Tidewater"); Hard Rock Construction, LLC ("Hard Rock"); and V. Keeler & Associates, Inc. ("V. Keeler")—filed prescription exceptions, raising the same arguments. At three separate hearings, the trial court made the same ruling—granted the prescription exception before it. Thereafter, the trial court rendered three separate final judgments, one in each of defendant's favor. The following is the chronology of events that occurred:

- <u>October 2023</u>: The trial court granted Tidewater's exception.[1] Plaintiff—Ebony Holmes ("Ms. Holmes")—appealed that judgment to this Court (2024-CA-0047).

- <u>December 2023</u>: While Ms. Holmes' appeal of the judgment in Tidewater's favor was pending, Hard Rock's exception was heard and granted. A judgment was rendered on December 15, 2023 (the "December 2023 Judgment").[2] From the December 2023 Judgment, Ms. Holmes filed the instant appeal (2024-CA-0269).

---

[1] The trial court subsequently rendered a written judgment granting Tidewater's exception on May 14, 2024.

[2] At the hearing on Hard Rock's exception, Ms. Holmes' attorney argued as follows:

> Your Honor, the facts have not changed in the case. What we are requesting, since there are four defendants in this matter, in the interest of judicial economy—we've taken, actually, an appeal on the previous decision of this Court [granting

1

- <u>June 2024</u>: The trial court rendered judgment in V. Keeler's favor, granting its prescription exception. Ms. Holmes' appeal from that judgment in V. Keeler's favor has been lodged in this Court (2024-CA-0551). But, the appeal of that separate judgment is not before us.

- <u>July 2024</u>: In *Holmes v. City of New Orleans*, 24-0047 (La. App. 4 Cir. 7/16/24), ___ So.3d ___, 2024 WL 3422500 ("*Holmes One*"), this Court vacated the judgment in Tidewater's favor and remanded for further proceedings.[3]

Given this Court decided *Holmes One* after the appeal was lodged in this case, we ordered the parties to show cause, in writing, why this appeal should not be dismissed. In response, Hard Rock argued that this Court's decision in *Holmes One* was reached in error. Conversely, Ms. Holmes argued that the law of the case doctrine applied here given that the underlying factual issues and applicable law are identical to those presented in *Holmes One*. She further argued that this Court's decision in *Holmes One* should be equally applied to all parties since all the

---

Tidewater's prescription exception]—and in the interest of judicial economy, so we don't keep filing appeals upon appeals, since we're expecting the other two defendants also to file, that we take this under advisement until the Court of Appeals issues a ruling [on Tidewater's pending appeal]. In other words, put a pause on this until the Court of Appeals issues a ruling.

Hard Rock's counsel, however, requested that the trial court rule on its exception. Granting the request, the trial court issued the December Judgment, sustaining Hard Rock's prescription exception.

[3] The factual and procedural background of this case is set forth in *Holmes One* and is not relevant for deciding the narrow issue presented here of whether our prior ruling is law of the case. This Court, in *Holmes One*, vacated the trial court's judgment sustaining Tidewater's prescription exception and remanded for further proceeding. In so doing, this Court observed:

In the matter on appeal, the evidence required to resolve the exception of prescription is so intertwined with the evidence required to prove the merits of [Ms.] Holmes' property damage claims against the public entities and respective contractors that judicial economy is not served in adjudicating prescription at this juncture. The district court abused its discretion in failing to refer the exception to the merits. The judgment granting the exception of prescription must be vacated.

*Holmes One*, 24-0047, p. 10, ___ So.3d at ___, 2024 WL 3422500, *5.

defendants are solidarily liable for their joint negligence that damaged her residence. We find her argument persuasive.

Law of the case refers to a discretionary, jurisprudential doctrine under which courts—both trial and appellate—ordinarily will not reconsider their prior rulings in the same case. *See KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 11-0598, p. 7 (La. App. 4 Cir. 3/14/12), 89 So.3d 1207, 1211. A more complete definition of law of the case is that it refers to "(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case." *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81, 83 (La. 1973).

Law of the case is the proper procedural principle—as opposed to res judicata—for describing the relationship between prior judgments by trial and appellate courts rendered within the same case. *Posey v. Smith*, 453 So.2d 1016, 1018 (La. App. 3d Cir. 1984). Simply stated, law of the case "bars reconsideration of issues [between the same parties] in the same case"; whereas, "res judicata bars the relitigation of the same issues between the same parties in a second, subsequent case." Erica P. Sensenbrenner, Comment, *A Proposal to Codify Louisiana's Law of the Case Doctrine*, 64 LOY. L. REV. 215, 222-23 (2018). Moreover, law of the case is jurisprudential; res judicata is statutory. *See Daigre v. Int'l Truck & Engine Corp.*, 10-1379, p. 15 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, 513-14.

A trio of policy reasons behind law of the case have been recognized: "[i] the avoidance of indefinite relitigation of the same issue; [ii] the desirability of

consistency of the result in the same litigation; and [iii] the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue." *Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.,* 260 La. 325, 330, 256 So. 2d 105, 107 (1971).

The jurisprudence has not applied the law of the case doctrine inflexibly. Rather, it has applied the doctrine when "there is merely doubt as to the correctness of the former holding, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice." *Petition of Sewerage and Water Bd.*, 278 So.2d at 83.

In addition to the palpable error exception to the application of the law of the case doctrine, the jurisprudence has recognized three other exceptions. First, the doctrine has not been applied "to supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions," *Bank One, Nat. Ass'n v. Velten*, 04-2001, pp. 6-7 (La. App. 4 Cir. 8/17/05), 917 So.2d 454, 459 (internal citations and quotations omitted). Second, the doctrine has not been applied "when the underlying, operative facts upon which the court's prior decision was based have changed." *Id.* Third, the doctrine has not been applied "against those who were not parties to the litigation at the time the prior decision was rendered." *Marsh Eng'g Inc. v. Parker*, 04-0509, p. 8 (La. App. 3 Cir. 9/29/04), 883 So.2d 1119, 1124 (citation omitted). None of the exceptions applies here. Rather, this case presents a textbook example of an appropriate situation in which to apply law of the case.

In *Fed. Work Ready, Inc. v. Wright*, 19-0752 (La. App. 4 Cir. 4/22/20), 299 So.3d 140—an analogous case to this one—this Court found the appeal presented it with "the quintessential factual and procedural scenario for applying the law of

the case doctrine." *Id.*, 19-0752, p. 18, 299 So.3d at 151. There, Federal Work Ready ("FWR") filed a motion, which the trial court denied. This Court denied FWR's writ application seeking review of that ruling. One year later, FWR filed a substantively similar motion. On appeal, we framed the issue as whether FWR's first-denied motion constituted law of the case so as to prevent consideration of that motion on appeal. *Federal Work Ready*, 19-0752, p. 17, 299 So.3d at 150. Answering that question in the affirmative, we observed:

> When FWR appeared before the trial court on August 24, 2018, and then again on May 24, 2019, it relitigated the same issue twice. The only difference between the two hearings was the trial judge. On August 24, 2018, a retired judge presided *pro tempore*. On May 24, 2019, Judge Ellen Hazeur presided. The underlying motions were the same, the lawyers were the same, the parties were the same, and the arguments were the same. There was absolutely no difference between the hearings. FWR simply went to court twice on the same issue, hoping it would receive a different result. The purpose of the law of the case is to prevent parties from doing exactly what FWR did in this matter.

*Federal Work Ready*, 19-0752, p. 18, 299 So.3d at 151.

This appeal likewise presents a "quintessential factual and procedural scenario for applying the law of the case doctrine." *Id.* The parties in this appeal are arguing the same legal issues applied to the same factual background as in *Holmes One*. Thus, the law of the case doctrine applies and dictates that this Court's decision in *Holmes One* is dispositive.

## DECREE

Accordingly, the trial court's December 15, 2023 judgment granting the exception of prescription and dismissing the claims against Hard Rock is vacated; and this case is remanded to the trial court.

**VACATED AND REMANDED**

5